Beulah POPPLEWELL, Appellant,

v.

CITY OF MISSION, Appellee.

No. 13671.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 23, 1960.

Rehearing Denied Dec. 21, 1960.

Ewers, Toothaker, Ewers, Elick, Jones & Abbott, McAllen, for appellant.

Rankin & Martinez, Edinburg, for appellee.

BARROW, Justice.

This is an appeal from a judgment dated February 25, 1960, granting a mandatory

injunction ordering Beulah Popplewell to forthwith dismantle and remove a fence extending between what is alleged to be Lots 2 and 18, Tangerine Subdivision No. 1, City of Mission, Hidalgo County, Texas, and further perpetually enjoining her, her heirs, successors or assigns in title from erecting or knowingly permitting the building or erecting of any fence, barrier or obstruction of any kind or character upon or across a purported passage between Lots 1 and 2, 18 and 19, of said Tangerine Subdivision No. 1. This case has heretofore been before this Court, Popplewell v. City of Mission, 288 S.W.2d 200, and before the Supreme Court, 156 Tex. 269, 294 S.W.2d 712, where a judgment in favor of the City

of Mission was reversed and remanded. Appellee, City of Mission, will be referred to as City.

The controversy involves the validity and binding effect upon appellant of a plat executed on April 20, 1950, by C. P. Wright and I. J. Wright, which purports to dedicate a 2.54 acre tract of land described in the plat as follows:

"Plat of Tangerine Subdivision No. 1

Being a Subdivision of a 2.54 acre tract of land out of the Wright Addition to The City of Mission, Texas, out of Lot 21–9, West Addition to Sharyland Subdivision of Porciones 53 to 57, both inclusive, in Hidalgo County, Texas."

Appellant acquired title to her property through a deed from C. P. Wright and Hallie Jeffries Wright, husband and wife, to Lynn Wright and Joe Nail Wright, husband and wife. The deed is dated April 24, 1950, and the acknowledgment, April 25, 1950. Appellant acquired title to the property by deed from Lynn Wright and Joe Nail Wright, husband and wife, to Ivie T. Popplewell and Beulah Popplewell, husband and wife, dated December 9, 1950. Upon the death of her husband, under his will Beulah Popplewell succeeded to the whole title.

City contends that Lots 1 and 2, and 18 and 19, together with the alley, is one and the same land as that described in appellant's deed from the Wrights.

The Supreme Court in its former decision of this case held that the burden is on City to establish the identity of the acre of land described in the deed to Popplewells and Lots 1, 2, 18 and 19, of Tangerine Subdivision No. 1, Wright Addition to the City of Mission, Texas. City of Mission v. Popplewell, 156 Tex. 269, 294 S.W.2d 712.

■ Appellant predicates this appeal upon six points. By her first point she contends that there is no competent evidence to prove that the purported subdivision is the same property as her one acre tract. We think this contention is well taken and must be sustained. In order to meet the burden of proof, City introduced in evidence deeds from E. A. Wright to I. J. Wright; from I. J. Wright to C. P. Wright; from C. P. Wright et ux. to Lynn Wright et ux.; and from Lynn Wright et ux. to I. T. Popplewell et ux. It also introduced maps and plats of the various subdivisions: La Lomita Subdivision of Lands, Porciones 53–57, inclusive; West Addition to Sharyland; Wright Addition to City of Mission; and Tangerine Subdivision No. 1. We have carefully examined each of these documents. By comparing the map of La Lomita Subdivision and the map of West Addition to Sharyland we are able to determine that the southwest quarter of

the southwest quarter of Section 19 of the Lomita map, and Lot 21–9 of West Addition to Sharyland cover the same general area, in that they are both bounded on the west by what appears to be the original town of Mission and on the south by the railroad track. However, from the maps we are unable to determine that the northeast corner of the two, the material point, coincides on the two maps. Even assuming that this northeast corner on the two maps is one and the same, we pass to the next links in the chain of title.

The deed from C. P. Wright and wife to Lynn Wright and wife conveys "the following described property, situated in the County of Hidalgo, State of Texas, to-wit:

"The East One (E. 1) acre of that certain tract of 4.54 acres of land, more or less, out of the Northeast Quarter (NE¼) of the Southwest Quarter (SW ¼) of the Southwest Quarter (SW ¼) of Section Nineteen (19) of the La Lomita Subdivision of Porciones 53, 54, 55 and 56, situated in Hidalgo County, Texas; more particularly described by deed executed by E. A. Wright to I. J. Wright dated January 24, 1920, recorded in Vol. 101, page 69 of the Deed Records of said County, said 4.54 acres being described by metes and bounds, as follows, to-wit:

"Beginning at the NE corner of the above described 40 acre tract; thence South with the East boundary line of said tract 360 feet to a stake in the East boundary line for the SE corner of this tract; thence West on a line parallel with the North boundary line of said 40 acre tract, 550 feet to a stake, for the Southwest corner of this tract; thence North 360 feet to a stake in the North boundary line of said 40 acre tract, 550 feet West of the Northeast corner of said 40 acre tract for the Northwest corner of this tract, thence East with the North boundary line of said 40 acre tract to the NE

corner of said 40 acre tract, to the place of beginning and the NE corner of this tract."

All of the Wright deeds under which appellant holds title describe the tract as a 4.54 acre tract out of the Northeast corner of said 40 acre tract, being 550 feet along the North side and 360 feet along the east side. The deed to Lynn Wright and wife and the deed from them to the Popplewells convey the east one acre of the 4.54 acre tract.

■ Coming now to the next link in City's chain of title, the Wright plat, which appears in the record as plaintiff's exhibit No. 14. The dedicator in the deed is one A. P. Wright, an entire stranger to appellant's title. In the instrument he declares "that the part of the Map hereto attached and intended to be known as the Wright Addition to the town of Mission, Hidalgo County, Texas, is that part of the hereto attached Map lying to the North and West of the heavy red line and includes all of Blocks A and F and part of Block H; together with streets and alleys lying to the North and West of said heavy red line." The dedication appears to have been made by drawing a line on a plat then in existence. There is nothing on the plat or in the certificate to locate the platted property on the ground, or to locate it with reference to any plat of record. The only thing on the map which might suggest its location is that on the south side is shown a railroad track, and on the west side the word "Mission" is printed, thus suggesting the Wright Subdivision is out of Lot 21-9 of the West Sharyland Plat. Even conceding this to be true, then a check of the distances called for on the plat show beyond doubt that the Wright Subdivision would not cover any part of the 4.54 acre subdivision described in appellant's deed, much less the east one acre thereof, but lies far to the southwest of appellant's land. Consequently, the Tangerine Subdivision No. 1, being a tract of land out of the Wright Subdivision, likewise could not cover or

coincide with appellant's land. Assuming that the Wright Addition is out of Lot 21-9 of West Sharyland Addition, and that the area shown upon which the red lines are drawn is said Lot 21-9, then it would definitely appear from the plat that the Wright Addition lies along the west side of said Lot 21-9, and also assuming that Lot 21-9, West Sharyland Addition and the southwest quarter of the southwest quarter of Section 19 of said La Lomita Subdivision cover the identical land, then from the description of appellant's land it is located in the extreme northeast corner of the forty-acre tract. (See map hereto attached.) The City over appellant's objection also introduced in evidence what purports to be a property ownership map prepared by one J. R. Beard, who did not appear as a witness. The map appears to be a private map and does not seem to have been of record. It was not properly authenticated. We think this map is not competent evidence to prove any relevant fact in the case. City of Mission v. Popplewell, supra. Appellant's first point is sustained.

By appellant's second point she contends that the plat of Tangerine Subdivision should not be considered because it does not meet the statutory requirements for record. Although we have serious doubts of the sufficiency of the plat to meet the requirements of Art. 974a, Vernon's Ann. Civ.Stats., in that the area is not described by metes and bounds, nor located with respect to an original corner of an original survey, under the view we take of the case we do not find it necessary to determine the question. Neither is it necessary to pass upon appellant's third and sixth points.

■ By her fourth and fifth points appellant contends that her predecessor in title, Lynn Wright and wife, had neither actual nor constructive notice of the dedication of the plat of Tangerine Subdivision No. 1, at the time they purchased the one acre tract of land now owned by her. That by reason thereof, appellant's grantors, the Lynn Wrights, acquired good title to the

land, free from any outstanding equity, incumbrance or outstanding easement by virtue of dedication of said alley, even if the dedication was otherwise valid. And that the Popplewells having acquired the title of said innocent purchasers, appellant's title is also free therefrom. We sustain this contention.

The evidence is without dispute that Lynn Wright and wife purchased the land in question on April 24, 1950, without any actual knowledge of the existence of the unrecorded plat of Tangerine Subdivision No. 1. There is no evidence that they had knowledge of any facts which would put them on inquiry as to the existence thereof. The only question remaining is whether the filing of the plat on April 25, 1950, at 2:30 p. m. constitutes constructive notice to the Lynn Wrights of the dedication. We answer that question in the negative. City argues that although the deed is dated April 24, 1950, the acknowledgment is dated April 25, 1950, and that the date of the acknowledgment is presumptively the date of delivery. We overrule that contention.

The rule is well established that in the absence of evidence showing the date a deed is actually delivered, the law presumes that it was delivered on the date of the deed; and where the deed is dated one date and the acknowledgment a different date, it will be presumed that it was delivered on the date of the deed and not the date of the acknowledgment. Garth v. Stuart, 59 Tex. Civ.App. 391, 125 S.W. 611; Kirby v. Cartwright, 48 Tex.Civ.App. 8, 106 S.W. 742; 14–B Tex.Jur. 559, Deeds, § 115. In this case there is no evidence as to the date of the actual delivery of the deed.

City contends that the evidence shows that the Popplewells were not innocent purchasers, because on the date they purchased they had actual and constructive knowledge. We regard that as immaterial. A purchaser from a bona fide purchaser takes good title, though he is not an innocent purchaser. 36 Tex.Jur. 571, Records

and Registration, § 91; 43 Tex.Jur. 678–679, Vendor and Purchaser, § 399; Annotation 63 A.L.R. 1362, et seq.

City next argues that a plat comes under the provisions of Article 6626, Vernon's Ann.Civ.Stats., and may be recorded, but does not come under the provisions of Article 6627, requiring certain instruments to be recorded. While that is true, the law is well established that if the plat is to constitute constructive notice it must be recorded. The policy of the law of registration requires that the public records disclose all matters affecting land titles. Leonard v. Benford Lumber Co., 110 Tex. 83, 216 S.W. 382.

From what we have said it follows that the court should have denied the injunction. The judgment is therefore reversed and here rendered that appellee, City of Mission, take nothing as against appellant, Beulah Popplewell.