**CITY OF RICHLAND HILLS,**
Appellant,

v.

Keith **BERTELSEN,** Appellee.

No. 2–86–024–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 29, 1987.

Rohne, Hoodenpyle, Lobert & Meyers and Lynn Rossi Scott, and Wayne A. Rohne, Arlington, for appellant.

Law, Snakard & Gambill and Steven D. Goldston and Garrett & Burkett and Michael R. Burkett, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

BURDOCK, Justice.

Appellant, the City of Richland Hills, appeals the trial court's denial of its motion for summary judgment and entry of partial summary judgment for appellee. The summary judgment motions arose from appellee, Keith Bertelsen's, action for a declaratory judgment seeking to invalidate the city's claim to property owned by him.

We affirm as modified.

Appellee purchased the real property described below from Frank C. Campbell, for $30,000 cash:

> Lots A–L inclusive, Block 53, and Lots A–K inclusive, Block 44, Long Addition to the City of Richland Hills, Tarrant County, Texas, according to the revised Plat recorded in Volume 388–68, Page 29, Deed Records of Tarrant County, Texas.

Subsequently, appellee requested that the recorded plat of the land be vacated by the city's Planning and Zoning Commission. Later the city informed appellee it claimed a public park and easement on Lots K and L in Block 53, and Lot K in Block 44 of the property, pursuant to an antecedent unrecorded plat given the city by appellee's grantor.

Appellant, the city, filed a motion for summary judgment, claiming as a matter of law there was a dedicated public park and drainage easement on the property. Appellee filed a motion for partial summary judgment and severance, solely contending that appellant had no valid claim to a public park on the property. The trial court granted appellee's motion for partial summary judgment and severance, removing the cloud placed on the property by appellant's claim to a public park.

In three of its points of error, appellant alleges the trial court erred in finding appellee was a bona fide purchaser of the property for value, and in failing to find Campbell, appellee's grantor, had dedicated the lots as a public park.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.*

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proven all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

■ Before considering any rights appellee may have in the land in dispute, we must first determine whether or not he was a bona fide purchaser. A person qualifies as a bona fide purchaser for value if he purchases property in good faith for valuable consideration without notice. *Neal v. Holt,* 69 S.W.2d 603, 609 (Tex.Civ.App.—Texarkana 1934, writ ref'd). Since appellant does not allege appellee failed to pay valuable consideration or exhibited bad faith, we must only decide if appellee had notice of the city's claim.

It is elementary doctrine that, independent of valuable consideration and good faith, notice will destroy the character of a bona fide purchaser and defeat the protection otherwise given to him. *Id.* at 609.

Texas law has long favored the purpose of recording acts, which make land title information available to interested persons. *Leonard v. Benford Lumber Co.,* 110 Tex. 83, 216 S.W. 382, 383 (1919); *Hancock v. Tram Lumber Co.,* 65 Tex. 225, 232 (1885). In *Anderson v. Barnwell,* 52 S.W.2d 96, 101 (Tex.Civ.App.—Texarkana 1932), *affirmed,* 126 Tex. 182, 86 S.W.2d 41 (1935), the court stated:

The intention of the recording acts is to compel every person receiving conveyances of real property to place such an instrument of record, not only that he may thereby protect his own rights, but also those of all others who may afterwards seek to acquire an interest in the same property.

*Anderson,* 52 S.W.2d at 101.

To be effectively recorded, an instrument relating to real property must be recorded in the public records in the county in which a part of the property is located. TEX. PROP.CODE ANN. sec. 11.001(a) (Vernon 1984). In addition, any conveyance of real property or an interest in real property is void as to a subsequent purchaser for valuable consideration without notice, unless the instrument has been acknowledged and filed for record as required by law. *See* TEX.PROP.CODE ANN. sec. 13.001(a) (Vernon 1984).

 Constructive notice is described as that notice one is charged with which is given by instruments of record, irrespective of any actual knowledge. 5 Lange, *Texas Land Titles,* sec. 811 (1961). Actual notice, on the other hand, exists when a person actually knows the facts charged to him, or should have known them if he had inquired about them, after learning of facts which put him on inquiry. *West v. Jennings,* 119 S.W.2d 685, 686 (Tex.Civ.App.—San Antonio 1938, no writ); 5 Lange, at sec. 811. We find appellee purchased the property in good faith and for valuable consideration and without constructive notice of appellant's claim.

An examination of the pleadings here shows the only plat on file with the county clerk was a properly acknowledged plat, signed by appellee's grantor. The subsequent unsigned plat which the city relies on was incapable of being recorded, and would only be discovered if appellee had reason to search the city records. Appellee had a right to rely on the records properly recorded in the office of the Tarrant County Clerk. *See Lesley v. City of Rule,* 255 S.W.2d 312, 314 (Tex.Civ.App.—Eastland 1953, writ ref'd n.r.e.).

If the plat held by the city had been recorded, it would have been in appellee's chain of title and sufficiently put appellee on inquiry to inspect the city records. However, since nothing had been filed in the county records which constructively notified appellee of the existence of a dedicated park, we find he had no duty to search the city records. Without actual notice of the existence of a dedicated park, appellee takes the land free of the burden of a dedication to the city. *Pokorny v. Yudin,* 188 S.W.2d 185, 193 (Tex.Civ.App.—El Paso 1945, no writ).

In its third point of error, the city alleges the trial court erred in granting appellee's motion for summary judgment because appellant raised numerous fact issues. Most of appellant's complaints under this third point have already been discussed and overruled in our treatment of the first two points of error.

However, appellant raises one critical issue with its allegation that a fact issue existed regarding appellee's actual notice of the property's status as a city park. Ordinarily, actual notice is a fact question for the jury. *Goodwin v. Abilene State Bank,* 294 S.W. 883, 889 (Tex.Civ.App.—Eastland 1927, writ ref'd).

In support of its third point of error, the city relies in part on certain requests for admissions and their answers. A review of the record reveals that the city's requests for admissions and Bertelsen's answers are not included in the record on appeal pursuant to TEX.R.APP.P. 51, 52. Therefore, they are not before the court.

Even if the requests and answers were properly before the court, appellant's third point of error could not be sustained. In response to appellant's requests for admissions, appellee denied he had either actual or constructive knowledge of the city's claim of a park at the time he purchased the property from Campbell. The pleadings and affidavits filed by appellant do not indicate appellee knew or should have known the property was a park.

 Appellant contends its denials made in response to some of appellee's requests for admissions raised material fact issues

which should have prevented the granting of appellee's motion for summary judgment. We do not agree. Denials made in response to requests for admissions do not constitute proper summary judgment evidence. *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980); *Denton Const. Co. v. Mike's Elec. Co. Inc.,* 621 S.W.2d 846, 848 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.). Finding no material fact issue concerning appellee's actual knowledge of the existence of a dedicated park, we overrule appellant's second and third points of error.

We now turn to appellant's first point of error, wherein the city alleges the property was a dedicated park. We are not persuaded that the actions of Campbell amounted to a dedication of the land to the city for use as a park. However, for the sake of this opinion, we shall assume there was a dedication.

■ Acceptance of the dedication by the city did not extinguish the fee in land, which remains in the proprietor. *Humble Oil & Refining, Co. v. Blankenburg,* 149 Tex. 498, 235 S.W.2d 891, 893 (1951). The public only obtained an easement in the land dedicated for its use. *Watts v. City of Houston,* 196 S.W.2d 553, 555 (Tex.Civ.App.—Galveston 1946, writ ref'd); *Reynolds v. Alice,* 150 S.W.2d 455, 462 (Tex.Civ.App.—El Paso 1940, no writ).

Appellant cites *Seaway Company v. Attorney General,* 375 S.W.2d 923 (Tex.Civ.App.—Houston [14th Dist.] 1964, writ ref'd n.r.e.), for the proposition that an owner of the land cannot make any future use of the property inconsistent with the dedication. The city also directs our attention to *Breithaupt v. Navarro County,* 675 S.W.2d 335 (Tex.App.—Waco 1984, writ ref'd n.r.e.), to support its contention that after a dedication a land owner cannot reassert his rights to the land. However, a reading of appellant's authorities completely fails to convince us of the incorrectness of the following rule:

An owner of land who dedicates it to the public generally retains the ownership of the fee and grants only an easement, and he can continue to use the property in

any way he sees fit so long as the use is not inconsistent with the public use for which the property was dedicated, or convey or transfer to another such right or title as remains in himself, subject to the public rights.

11 McQuillin, *Municipal Corporations,* sec. 33.66 (1983).

An exhaustive search of the authorities does not reveal any substantial change in the law in recent years. Therefore, appellant's argument that Campbell did not have the capacity to convey the land to appellee because he did not have title is overruled. Having decided appellee was a bona fide purchaser for value and Campbell had the capacity to convey the property to him, we must now determine if appellee can take the property free from the restricted use set forth in the alleged dedication.

Appellee directs our attention to the case of *Popplewell v. City of Mission,* 342 S.W.2d 52 (Tex.Civ.App.—San Antonio 1960, writ ref'd n.r.e.). In *Popplewell,* the court confronted a situation where the purchasers of land did not have actual knowledge of an unrecorded plat dedicating an alley to the City of Mission. *Id.* at 55. Appellant asserts *Popplewell* does not apply to the present case because it dealt with a dedication to the city of an alley easement, as opposed to a dedication of land for park use.

The Texas Supreme Court, in *Viscardi v. Pajestka,* 576 S.W.2d 16 (Tex.1978) and *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196 (Tex.1962), noted some important differences between easements and dedications. Appellant has been quick to point out a dedication of property amounts to a setting aside of private property for public purposes. *Viscardi,* 576 S.W.2d at 18. Likewise, it has been held that it is the act of a dedication to the public which gives the rights in streets, parks, and similar areas the degree of certainty and permanency. *Drye,* 364 S.W.2d at 209.

Appellant further maintains the distinction between easements and dedications is too great to apply the law in *Popplewell* to the facts here. We disagree. In our view, *Popplewell* controls, as we have previously

found appellee to be a bona fide purchaser for value. We find the difference between the facts of *Popplewell* and those in the instant case too insignificant to prevent us from extending the bona fide purchaser doctrine to dedicated public land in the circumstances now before us. To hold differently would create a dangerous exception to the well-established policy of this state which requires public filing of land title information. *Hancock,* 65 Tex. at 232. Appellant's first point of error is overruled.

In its fourth point of error, appellant alleges the trial court erred in enlarging the property in controversy to Lots A–L inclusive, Block 53, and Lots A–K inclusive, Block 44. The parties do not dispute that the property in controversy included only Lots K and L, Block 53, and Lot K, Block 44, Long Addition to the City of Richland Hills. Therefore, we sustain appellant's fourth point of error. The trial court's judgment should be modified to reflect that only Lots K and L of Block 53, and Lot K of Block 44 comprised the subject matter of this dispute.

In its fifth point of error, appellant claims the trial court erred in granting appellee's motion for summary judgment and denying the city's motion for summary judgment, because the trial court's judgment does not dispose of appellant's claim to a drainage easement in and to the property in controversy. The summary judgment reflects the court only resolved the issue of a dedicated park. It did not resolve appellant's claims for damages, a permanent injunction, and attorney's fees arising from its contention that a drainage easement, as well as a park, had been simultaneously created in connection with the property.

The trial court severed out all claims relating to everything but the issue of the park. In response to this point of error, appellee merely maintains any claim to a drainage easement on the land will be governed by different facts. Neither appellant nor appellee offer any authority for their positions. Since we find the summary judgment did not dispose of the drainage easement issue, this matter was of necessi-

ty denied, and is not a proper subject for this appeal. *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980).

Appellant's fifth point of error is overruled. We affirm the judgment of the trial court as modified to reflect that only Lots K and L of Block 53 and Lot K of Block 44 are affected by this summary judgment.