COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-330-CV

 

 

MARK DISANTI                                                                   APPELLANT

 

                                                   V.

 

WACHOVIA BANK,                                                                 APPELLEE

NATIONAL ASSOCIATION

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  INTRODUCTION

Appellant Mark DiSanti appeals the summary
judgment entered against him and in favor of Appellee Wachovia Bank, National
Association.  We will affirm.








                          II.  FACTUAL AND PROCEDURAL BACKGROUND

In 2001, deed restrictions for the housing
development known as Saddlebrook Village in Denton County were recorded in
Denton County.  The deed restrictions
provided for a property owner=s
association that would charge and collect certain dues from owners of lots
within the subdivision.

In 2002, Saddlebrook Homes, L.P. purchased Lot
39, Block 17 in the subdivision (the AProperty@).  Washington Mutual Bank, FA subsequently
extended a revolving line of credit to Saddlebrook Homes and other entities
pursuant to a Guidance Line Loan Agreement. 
The Washington Mutual loan agreement was secured by a deed of trust and
a supplemental deed of trust (collectively, the AWashington
Mutual Deed of Trust@), which created a security
interest in the Property.  The Washington
Mutual Deed of Trust was properly recorded in Denton County in 2003.








In April of 2004, Saddlebrook conveyed the
Property to Sok Jo Lee and Kim Sook Young. 
Lee and Young executed a promissory note secured by a deed of trust in
favor of Argent Mortgage Company, LLC to finance the purchase of the
Property.  The deed from Saddlebrook to
Lee and Young also created a vendor=s lien
retained for the benefit of Argent.  Both
the deed of trust securing the promissory note (the AArgent
Deed of Trust@) and the deed to Lee and Young
were recorded in Collin County, rather than in Denton County.

In September of 2005, Argent assigned to
Ameriquest Mortgage Company, LLC the note from Lee and Young and the liens securing
payment of that note.  Ameriquest then
assigned the note and liens securing its payment to Chase Manhattan Mortgage
Corporation.  Both of these assignmentsCto
Ameriquest and to ChaseCwere incorrectly recorded in
Collin County.

Lee and Young failed to pay certain assessments
to the homeowners association as required by the deed restrictions.  As a result, on January 24, 2006, the
homeowners association foreclosed its assessment lien against the
Property.  At the time of the foreclosure
sale, Denton County=s real property records
contained the deed to Saddlebrook and the Washington Mutual Deed of Trust, but
not the deed to Lee and Young or the Argent Deed of Trust.  DiSanti purchased the Property at the
foreclosure sale, and an Assessment Lien Trustee=s Deed
conveying the Property to him was recorded in Denton County on May 4, 2006.








On October 31, 2006, the deed to Young and Lee,
the Argent Deed of Trust, and the two assignments of the promissory note and
the liens securing payment of that note were filed in Denton County for the
first time.  In April of 2007, Chase
assigned to Wachovia the promissory note from Lee and Young and the
corresponding liens on the Property. 
This assignment was properly recorded in Denton County.

Wachovia brought suit against DiSanti,[2]
requesting a declaration that its interest in the Property (via assignment of
the promissory note from Lee and Young and corresponding liens) is superior to
DiSanti=s
interest, that it has the right to an accounting from DiSanti of amounts past
due pursuant to section 209.011(e)(2) of the Texas Property Code, and that it
has the right to redeem the Property.








Wachovia moved for summary judgment on its
request for a declaration that its lien is superior to DiSanti=s
interest in the Property.[3]  Wachovia argued in its summary judgment
motion that DiSanti=s interest was subordinate to
Wachovia=s for
three reasons: (1) Wachovia was equitably and contractually subrogated to
Washington Mutual=s superior lien position, (2)
the deed to DiSanti provided that the conveyance was made subject to Aany and
all rights of prior lienholders@ and,
consequently, DiSanti=s interest was subject to
Wachovia=s lien
even though its lien was not of record in Denton County at the time of the
foreclosure sale, and (3) the vendor=s lien
reserved in the deed to Lee and Young and assigned to Wachovia is superior to
and prior to DiSanti=s interest in the Property.  DiSanti filed a response to Wachovia=s
motion, arguing that he was a bona fide purchaser for value, without notice of
the lien in favor of Wachovia or any of its predecessors, and that the doctrine
of equitable subrogation did not apply to Wachovia.  The trial court, without stating the specific
grounds for its ruling, granted summary judgment for Wachovia, finding that
Wachovia=s lien
is superior to and prior to DiSanti=s
Assessment Lien Trustee=s Deed.

                                     III.  STANDARD OF REVIEW

A plaintiff is entitled to summary judgment on a
cause of action if it conclusively proves all essential elements of the
claim.  See Tex. R. Civ. P.
166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s
favor.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).








                           IV.
WACHOVIA=S INTEREST IN THE PROPERTY

                                IS SUPERIOR TO DISANTI=S INTEREST

 

In his third issue, DiSanti argues that the trial
court erred by granting summary judgment for Wachovia because Wachovia failed
to meet its burden of proof. 
Specifically, DiSanti contends that in order for the trial court to
grant summary judgment for Wachovia, it had to find (1) that Wachovia=s lien
was superior to DiSanti=s interest in the Property and
that DiSanti had knowledge of Wachovia=s lien
on the day of the foreclosure sale, or (2) that Wachovia was equitably
subrogated to the lien rights of Washington Mutual.  DiSanti also argues in his first issue that
he had neither actual nor constructive notice of the lien claimed by Wachovia.[4]








A person who acquires property in good faith, for
value, and without notice of any third‑party claim or interest is a bona
fide purchaser.  Fletcher v. Minton,
217 S.W.3d 755, 758 (Tex. App.CDallas
2007, no pet.); City of Richland Hills v. Bertelsen, 724 S.W.2d 428, 429
(Tex. App.CFort Worth 1987, no writ).  A bona fide purchaser acquires a property
interest without being subject to prior claims. 
Houston First Am. Sav. v. Musick, 650 S.W.2d 764, 769 (Tex.
1983).  Status as a bona fide purchaser
is an affirmative defense to a title dispute. 
Madison, 39 S.W.3d at 606.








There is no dispute concerning DiSanti=s
purchase of the property in good faith and for value.  Thus, the bona fide purchaser issue here
centers on whether DiSanti had actual or constructive notice of Wachovia=s
interest.  See Fletcher, 217
S.W.3d at 758B59.  ANotice@ is
broadly defined as information concerning a fact actually communicated to a
person, derived by him from a proper source, or presumed by law to have been
acquired.  Flack v. First Nat=l Bank
of Dalhart, 148 Tex. 495, 499, 226 S.W.2d 628, 631 (1950).  Notice may be actual or constructive.  Id. 
Actual notice exists when a person actually knows the facts or should
have known them if he had inquired about them after learning of facts that put
him on inquiry.  Bertelsen, 724
S.W.2d at 430.  Constructive notice is
notice the law imputes to a person not having personal information or
knowledge.  Madison, 39 S.W.3d at
606; Flack, 226 S.W.2d at 631B32.

As a general rule, an unrecorded interest in real
property is binding on those who have knowledge of the interest.  See Tex. Prop. Code Ann. '
13.001(b) (Vernon 2004); Burris v. McDougald, 832 S.W.2d 707, 709 (Tex.
App.CCorpus
Christi 1992, no writ).  Likewise, an
instrument relating to real property that is not recorded in the deed records
of the county in which the property is located is binding on a subsequent
purchaser who has notice of the instrument. 
Tex. Prop. Code Ann. ' 13.003
(Vernon 2004).








A purchaser is bound by every recital, reference,
and reservation contained in or fairly disclosed by an instrument that forms an
essential link in the chain of title under which he claims.  Westland Oil Dev. Corp. v. Gulf Oil Corp.,
637 S.W.2d 903, 908 (Tex. 1982).  Thus,
every purchaser of land is charged with knowledge of all facts appearing in the
chain of title through which he claims that would place a reasonably prudent
person on inquiry as to the rights of other parties in the property
conveyed.  Williams v. Jennings,
755 S.W.2d 874, 882 (Tex. App.CHouston
[14th Dist.] 1988, writ denied) (citing Blocker v. Davis, 241 S.W.2d
698, 700 (Tex. Civ. App.CFort Worth 1951, writ ref=d
n.r.e.).  The rationale of this rule is
that any description, recital of fact, or reference to other documents in an
instrument puts the purchaser upon inquiry, and he is bound to follow up this
inquiry, step by step, from one discovery to another and from one instrument to
another, until the whole series of title deeds is exhausted and a complete
knowledge of all the matters referred to and affecting the estate is obtained.  Waggoner v. Morrow, 932 S.W.2d 627,
632 (Tex. App.CHouston [14th Dist.] 1996, no
writ) (citing Westland Oil Dev. Corp., 637 S.W.2d at 908).








In this case, Wachovia holds a vendor=s lien
on the Property through a series of assignments.  If a vendor=s lien
encumbers the land, legal title does not pass to the vendee; instead, the
vendee owns the equitable interest along with a contract for the purchase of
land.  See Flag‑Redfern
Oil Co. v. Humble Exploration Co., 744 S.W.2d 6, 8 (Tex. 1987); see also
Walton v. First Nat=l Bank
of Trenton, 956 S.W.2d 647, 651 (Tex. App.CTexarkana
1997, pet. denied) (noting that when an express vendor=s lien is
retained to secure unpaid purchase money, the vendor retains the superior
title).  Because Wachovia claims legal
title to the Property by virtue of its vendor=s lien,
DiSanti had the burden of proving that he was a bona fide purchaser for value,
without notice of other claims to the title. 
See, e.g., Bellaire Kirkpatrick Joint Venture v. Loots, 826
S.W.2d 205, 209 (Tex. App.CFort
Worth 1992, writ denied); Phillips v. Latham, 523 S.W.2d 19, 24 (Tex.
Civ. App.CDallas 1975, writ ref=d
n.r.e.) (noting general rule that one claiming to be a bona fide purchaser has
the burden of proof on that issue).

Certainly, if the deed conveying the Property to
Lee and Young and Wachovia=s deed
of trust, as well as the assignments of the promissory note from Lee and Young
and corresponding liens, had been properly recorded in Denton County prior to
the foreclosure sale, DiSanti=s
interest in the Property would have been subject to Wachovia=s vendor=s lien
and deed of trust.  See Tex. Prop.
Code Ann. '' 13.001(a)B(b),
.003; Walton, 956 S.W.2d at 651. 
But because these interests were not of record in Denton County at the
time of the foreclosure sale, we examine the summary judgment evidence to
determine whether DiSanti nonetheless had notice of this interest when he
purchased the Property at the foreclosure sale.[5]  See Tex. Prop. Code Ann. ''
13.001(a)B(b), .003; Fletcher, 217
S.W.3d at 758 (citing Bertelsen, 724 S.W.2d at 429).








The Assessment Lien Trustee=s Deed
conveying the Property to DiSanti states, A[A]ccording
to the records of the Association, the present owner(s) of the above described
Property [are] Sok Jo Lee and Kim Sook Young (per Collin County land records)
& Saddlebrook Homes, L.P. (per Denton County land records).@  The conveyance language of the deed conveys
the Property to DiSanti Atogether with all and singular
the rights and appurtenances thereto in anywise belonging unto Sok Jo Lee and
wife Kim Sook Young & Saddlebrook Homes, L.P., the prior owner(s) of [the]
Property.@








Because DiSanti is bound by every reference
contained in or fairly disclosed by the Assessment Lien Trustee=s Deed
and because that deed references Lee and Young=s
interests in the Property Aper
Collin County land records,@ DiSanti
was placed on inquiry as to the rights of Lee and Young.  See Westland Oil Dev. Corp., 637
S.W.2d at 908; Williams, 755 S.W.2d at 882.  Consequently, DiSanti was charged with
constructive notice of Lee and Young=s
interests and, in turn, with notice of every reservation contained in the deed
to Lee and Young.  See Waggoner,
932 S.W.2d at 632.  Because the deed to
Lee and Young reserved a vendor=s lien
for the benefit of Argent, DiSanti was also charged with constructive notice of
that prior and superior vendor=s lien,
which was ultimately assigned to Wachovia. 
See id.  Applying the
appropriate standard of review, indulging every reasonable inference and
resolving any doubts in DiSanti=s favor,
we conclude that the summary judgment record conclusively demonstrates that
DiSanti had constructive notice of the vendor=s lien
in favor of Wachovia, which defeated his bona fide purchaser status.  See Mason, 143 S.W.3d at 798.








For these reasons, we hold that Wachovia
conclusively established that its vendor=s lien
interest in the Property is superior to DiSanti=s
interest in the Property.[6]  Thus, we overrule DiSanti=s first
and third issues.  Because the trial
court=s order
granting summary judgment does not state the ground on which it was granted,
DiSanti was required on appeal to negate every possible ground asserted by
Wachovia for summary judgment.  See
State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 381 (Tex.
1993).  Because we have held that the
trial court properly granted Wachovia=s
summary judgment on the ground that Wachovia=s vendor=s lien
interest is superior to DiSanti=s
interest, we must affirm the trial court=s
summary judgment and need not address DiSanti=s other
challenges to the summary judgment based on contractual and equitable
subrogation.  See Tex. R. App. P.
47.1; FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872B73 (Tex.
2000).

                                          V.  CONCLUSION

Having overruled DiSanti=s first
and third issues and having held that Wachovia conclusively established its
right to summary judgment, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: CAYCE, C.J.;
LIVINGSTON and WALKER, JJ.

 

DELIVERED: May 14, 2009











[1]See Tex. R. App. P. 47.4.





[2]Wachovia also included
claims against Lee and Young in its petition; after Lee and Young failed to
answer, the trial court entered default judgment against them.  They are not parties to this appeal.





[3]In its summary judgment
motion, Wachovia sought final, rather than partial, summary judgment because a
determination that its interest in the Property is superior to DiSanti=s interest renders its claims
for redemption moot and fully resolves the case.





[4]Wachovia contends on
appeal that DiSanti waived his appeal because he failed to challenge every
possible ground asserted by Wachovia for summary judgment.  Specifically, Wachovia argues that DiSanti
failed to address Wachovia=s arguments that the Assessment Lien Trustee=s Deed expressly
subordinates DiSanti=s interest to the rights
of prior lienholders and that Wachovia=s vendor=s lien interest is superior to DiSanti=s interest in the
Property.  However, DiSanti=s argument that he was a
bona fide purchaser without notice of Wachovia=s interest in the
Property adequately challenges these grounds. 
See Madison v. Gordon, 39 S.W.3d 604, 606 (Tex.
2001).  Additionally, in his third issue,
DiSanti makes a general assertion that the trial court erred by granting
summary judgment for Wachovia and argues all of the reasons why it erred by
doing so.  See Malooly Bros. v. Napier,
461 S.W.2d 119, 121 (Tex. 1970). Therefore, we hold that DiSanti did not waive
his appeal.





[5]The Assessment Lien
Trustee=s Deed provided that
DiSanti purchased the Property subject to Aany and all rights of prior lienholders.@  Wachovia argues that because this exception
language in DiSanti=s deed is not limited to
the rights of prior lienholders of record, DiSanti=s interest is subject to
Wachovia=s interest.  Wachovia=s argument essentially creates an exception to
both the bona fide purchaser defense and the recording requirement, but we need
not address this contention because we hold that DiSanti had notice of Wachovia=s interest.





[6]Regardless of who had the
burden of proof on the bona fide purchaser issueCi.e., whether DiSanti had
the burden to prove such status or Wachovia had the burden to disprove such
statusCDiSanti=s contention that he was
a bona fide purchaser without notice of Wachovia=s interest in the
Property is defeated as a matter of law by the references and recitals
contained in his Assessment Lien Trustee=s Deed. 
Thus, the summary judgment record establishes that DiSanti had
constructive notice of Wachovia=s interest and, consequently, was not a bona fide
purchaser.  See Tex. R. Civ. P.
166a(c).