ACCEPTED
01-14-00535-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/12/2015 11:51:33 AM
CHRISTOPHER PRINE
CLERK

01-14-00535-CV

IN THE
FIRST COURT OF APPEALS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/12/2015 11:51:33 AM
CHRISTOPHER A. PRINE
Clerk

—————————————————————————

GREGORY R. MATTOX AND BARBARA WILKERSON,
Appellants,

V.

GRIMES COUNTY COMMISSIONERS' COURT
Appellee

—————————————————————————

Appealed from the 506th Judicial District Court
Grimes County, Texas

—————————————————————————

APPELLANTS' MOTION FOR REHEARING

—————————————————————————

Appellants, Gregory R. Mattox and Barbara Wilkerson, submit this motion for rehearing in response to the opinion issued by the Court on August 27, 2015, and requests that the Court re-consider the following issues:

ISSUES PRESENTED FOR REHEARING

**Issue 1:** The Court in its opinion never addressed the 9 page argument presented by the Mattox parties that Bond Blackman never dedicated the road now known as Hill Forest lane through lot 36 to the end of the subdivision. (CR 550-558)

**Issue 2:** The Court either misunderstands or confuses the requirement of the 258 map concerning the road footage, and because of that misunderstanding, credits the county with pleadings and evidence not found in the record.

**Issue 3:** The court erred when it failed to grant the Mattox Parties Motion for Summary Judgment.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex. 1979); TEX. R. CIV. P. 166-A.

The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex. 1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex. 1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex. 1972). Every reasonable inference from the evidence must be indulged in favor of the non-

movant and any doubts resolved in his favor. *Montgomery,* 669 *472472 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

<u>DISCUSSION AND AUTHORITY ISSUE 1.</u>

*The Court in its opinion never addressed the 9 page argument presented by the Mattox parties that Bond Blackman never dedicated the road now known as Hill Forest lane through lot 36 to the end of the subdivision.* (CR 550-558)

Texas Rules of Appellate Procedure Rule 47. Opinions, Publication, and Citation states as follows:

47.1. Written Opinions

The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.

The Mattox Parties point this out in the abundance of caution, as they presume the Court did not address this issue because the Court decided this case on the 258 map being: **"conclusive evidence" of the public's right**

**of access over Forest Hill Lane [sic] and the County's authority to spend public money to maintain it."** Opinion at page 19.

> It is undisputed that Mattox and Wilkerson did not protest or contest the inclusion of any part of Hill Forest Lane, including the 134-foot strip of land at issue, on the County's road map. *See* TEX. TRANSP. CODE ANN. §§ 258.002(b), 258.004(a). Thus, the County's road map constitutes "conclusive evidence" of the public's right of access over Forest Hill Lane [sic] and the County's authority to spend public money to maintain it. *Id.*

<u>DISCUSSION AND AUTHORITY ISSUE 2.</u>

*The Court either misunderstand or confuses the requirement of the 258 map concerning the road footage, and because of that misunderstanding, credits the county with pleadings and evidence not found in the record.*

Pleadings and arguments of counsel are not credible evidence that can support the granting of a motion for summary judgment. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified.") *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143, 143 (Tex. 1980); Clear Creek Basin Auth., 589 S.W.2d at 678; *Hidalgo v. Surety Sav. & Loan Ass'n.,* 462 S.W.2d 540, 545 (Tex. 1971). Only if the allegations contained within the motion can be supported by credible, trial worthy

evidence attached thereto, can the motion succeed. *Laidlaw*, 904 S.W.2d 660.

The County, through its smoke & mirrors pleadings and attached documents, created the illusion of the existence of pleadings and facts which are not actually in the record before this Court. As it pertains to Hill Forest Lane, the record contains neither pleaded facts nor summary judgment evidence capable of supporting the county's claim of what was "conclusively established" by the County's statutory adoption of the 258 County road map. The county infers, implies, alludes to, hints at, insinuates, but never articulates the following in their pleadings nor produces any evidence of:

1.  The length of Hill Forest Lane on the 258 map or

2.  The reason why Hill Forest Lane was put on the 258 map.

The Court states:

> It is undisputed that Mattox and Wilkerson did not protest or contest the inclusion of any part of Hill Forest Lane, **including the 134-foot strip of land at issue, on the County's road map.** *See* TEX. TRANSP. CODE ANN. §§ 258.002(b), 258.004(a).

> *Id.*

The County has never stated nor proved the length of Hill Forest Lane as it appears on the 258 map. There is no proof in the record that the last 134-foot strip of land at issue was included on the 258 map, and *that burden is on the County to prove.*

They infer, imply, allude to, hint at, and insinuate, but never state nor produce evidence to establish the length of Hill Forest Lane reflected on the 258 map. You are left to assume, based on their pleadings and the many documents they attached as evidence, as well as the abundance of case law they quote about the plat, that when they clarified the existence of Hill Forest Lane through the 258 map, it was based on the plat. Where is that evidence? Where are the documents the County gave to Bickerstaff when they created the map? Where is the affidavit of the 911 coordinator, stating the road length? Where is the map scale footage the County states is on the map?

> "[t]he Plaintiff would submit that any deficiency in **the length of the Road, as shown on the map**, or any other road shown on the map, is insufficient to defeat a claim that the status of the road was established by the map." (County MSJ CR 062-063) (Emphasis added.)

The County's statement above clearly shows that there is a corresponding road length for the line representing Hill Forest Lane on the 258 map. On a map, the length of a road can only be shown by reference to the map scale. The map was indisputably prepared for the County by Bickerstaff with all the data for the map being supplied by the County. (CR 620)

The Court states:

Thus, section 258.002(d) requires that a "legible map," i.e., one with a scale of "not less than" one inch equals 2,000, feet be displayed. *See id.* **Nothing in section 258.002(d) required the County to attest to a precise road length, separately from reference to the plat.** (Emphasis added.)

With all due respect, the above quote by the Court is incorrect for two reasons.

1.     The legislature required a legible map and with a map scale of not less than one inch equals 2,000 feet to be displayed. The purpose of the scale on a map is:

"A map scale is a ratio of the distance on a map to the *actual* distance of the ground."

http://study.com/academy/lesson/what-is-a-map-scale-definition-types-examples.html

http://faculty.chemeketa.edu/afrank1/topo_maps/scale.htm

https://docs.qgis.org/2.6/en/docs/gentle_gis_introduction/map_production.html#figure-map-scale

The County was required to indicate the exact length of Hill Forest Lane when they produced the 258 map, which they acknowledge that they did according to the quote below.

[T]he Plaintiff would submit that any deficiency *in the length of the Road, as shown on the map*, or any other road shown on the map, is insufficient to defeat a claim that the status of the road was established by the map.

Plaintiffs Motion for Summary Judgment at page 23. (County MSJ CR 062-063) (Emphasis added.)

The County's statement, "any deficiency in the *length of the Road, as shown on the map*," which can only be shown by the map scale, clearly shows that they provided a road length for Hill Forest Lane on the 258 map. (Emphasis added.)

2.    The Court incorrectly stated: "Nothing in section 258.002(d) required the County to attest to a precise road length, **separately from reference to the plat.**" Opinion page 22. (Emphasis added.)

The Court has confused the plat filed in 1966 with the 258 map requirements, and the County's arguments and pleading which took place in 2014. The Court is reading into the 258 statute something that is not there.

The County has created the illusion, with its discussion of the dedication of the 1966 plat of Hill Forest Manor, found in its pleadings and attached documents, that leads the court to the misperception that the County *actually stated* the reason Hill Forest Lane was put on the 258 map was by way of the 1966 plat. That is incorrect.

The county was required in pertinent part to:

    a.    Mail out the notices with the road names;

    b.    Place the road names in the newspaper; and

c.     Make a legible map with the map scale of not less than one inch equals 2,000 feet.

The county was not required to, nor did they ever, identify the reason why each road was placed on the map. *Contrary to what the Court said, during the 258 map process the County made no reference to the plat as the reason Hill Forest Lane was put on the map.* That information would only be required if someone filed a protest or lawsuit requiring the County to prove their reason for claiming an interest in the road.

The Court further stated:

Mattox and Wilkerson did present evidence that the County has not yet maintained the westernmost 134 feet of Hill Forest Lane; **however, the County did not seek to establish that Hill Forest Lane is a public road based on maintenance.** *See* TEX. TRANSP. CODE ANN. § 258.002(a) (allowing establishment of public road (1) under Chapter 281 *or other law, or* (2) as a result of having continuously maintained the road with public funds before September 1, 1981).

Opinion page 24. (Emphasis added.)

Once again, the county *was not required to, nor did they ever*, identify the reason why each road was placed on the map. According to the statute, the county could place a road on the map:

(1)     under Chapter 281 or other law; or

(2)     as a result of having continuously maintained the road with public funds beginning before September 1, 1981.

Sec.258.002(a) ADOPTION OF COUNTY ROAD MAP.

***The County never states why they put Hill Forest Lane on the 258 map.*** It could have been Chapter 281 or another law or as a result of having continuously maintained the road with public funds beginning before September 1, 1981. In fact the County claims "it is undisputed that the Road has been used by the public and maintained by the Plaintiff" and the "Plaintiff submits that there has been maintenance and public use of the disputed portion." (County MSJ CR 060)

In support of this contention they attached four affidavits as proof that the County had maintained Hill Forest Lane, including the disputed portion. (County MSJ CR 209-219) However, at any time an interested party could have contacted the County Road and Bridge Department and asked the length of any road on the 258 map. One could also go to the County Clerk's office and measure the length of any road on the map and determine its exact length by simply using the map scale.

That is exactly what the Mattox Parties did. They measured Hill Forest Lane on the map, and by using the scale of 1 inch equals 2000 feet they determined the length of Hill Forest Lane to be 1298.025 feet. Twice after the 258 map was adopted by the County, the Mattox Parties requested the

length of Hill Forest Lane directly from the County – to learn the length of

Hill Forest Lane as contained in the County's own records.

The Court's opinion stated:

Mattox and Wilkerson assert that the County's own records—a letter signed by Sam Nobles of the Grimes County Road and Bridge Department and a portion of a map that Mattox obtained from the County's "9-1-1 coordinator's office"—establish that Hill Forest Manor is 1298.025 feet long. Nobles, in his March 18, 2009 letter to Mattox, did write, "Hill Forest Lane is a county maintained road located in . . . the Hill Forest Manor Subdivision. Hill Forest Lane is 1298.025 feet long." And attached to his letter is a list of county and private roads, and on the list it is noted that Hill Forest Lane is a "dirt" road of 1298.025 feet."

Opinion page 22.

The Court continued:

The county road department is responsible for the construction and maintenance of county roads." TEX. TRANSP. CODE ANN. § 252.302(a) (Vernon 2013). ***That the County has actually constructed or is actually maintaining only 1298.025 feet of dirt road as Hill Forest Lane does not constitute evidence that the total roadway dedicated in the original plat in 1966 was only 1298.025.*** Rather, the plat appears to show that the length of Hill Forest Lane, west of Mata Road, is approximately 1000 feet.

Opinion page 23. (Emphasis added.)

The County has never argued or produced any evidence claiming that

the three road length letters/documents given to the Mattox Parties referred

only to the part of Hill Forest Lane that the County was currently maintaining

– not in their Motion for Summary Judgment, and not in their brief before this Court[1]. In fact the County totally avoids discussing those documents.

At all times when the Mattox Parties requested information from the County regarding Hill Forest Lane, the request was always for the *length* of Hill Forest Lane, not how much of Hill Forest Lane the county was maintaining. With all due respect, the Court is assuming facts not in evidence. And this assumption is caused by the County's smoke & mirrors pleadings and attached documents, which create the illusion that the road length of Hill Forest Lane found on the 258 map is based on the plat filed in 1966. This in turn creates the misperception that any documents discussing the length of Hill Forest Lane that do not reflect the length of Hill Forest Lane as "reflected on the plat," must only be referring to what the County is actually maintaining.

The County claims they have maintained Hill Forest Lane including the disputed portion. The County advanced the theory that all someone had to do was add the width of each lot, and add the 60 foot road width and you have the total length of the road, to which the Court concurred. When you do the math, after adding all the lots and the 60 foot width the road length is

---

[1] No mention is made regarding the County's Reply to the Mattox Parties' Response to their MSJ as none was filed.

1618 feet east to west, including the 134 foot disputed portion.

The County in its MSJ pleaded and provided evidence that they had maintained Hill Forest Lane since at least 1970. One affidavit was from ex-County Commissioner Frank Glass. According to Commissioner Glass, in 2002 the County was maintaining Hill Forest Lane all the way to the west end of the subdivision – some 1618 feet. That is three years before the Mattox Parties bought their land in 2005 and four years before the Mattox Parties went to the Road and Bridge Department to ask the length of Hill Forest Lane.

When Mr. Mattox went to the County and asked the length of Hill Forest Lane, he was *not told* it was 1618 feet, even though that is what the County caims they were maintaining. The road diagram given to Mr. Mattox showed only 1298.025 feet. This Court changes the road diagram document from a statement of the road length into a maintenance document to support the illusion created by the County's pleadings.

In 2006 the County abandon 119 feet on the east end of Hill Forest Lane. When you subtract 119 feet from 1618 feet you get 1499 feet. According to the County's evidence, in 2006 at the time of the 258 map, it was maintaining 1499 feet of Hill Forest Lane. Yet in 2009 and in 2010 when the Mattox Parties requested the length of Hill Forest Lane, the County

responded with 1298.025 feet rather than 1499 feet. The reason for that is obvious, 1298.025 feet *is the length* of the road on the 258 map.

In their Response to the County's MSJ the Mattox Parties attached 3 documents they had received from the Road and Bridge Department. Two were given to the Mattox Parties in direct response to letters written to the Road and Bridge Department specifically requesting the length of Hill Forest Lane. (Sam Nobles CR 691-693, Scott McKinney CR 694-699). The third was given to Mr. Mattox in person while at the Road and Bridge Department in May 2006. Mr. Mattox had asked how Hill Forest Lane became a road and what that process was. He asked how long the road was and asked to see any records they had regarding the length of the road. (diagram CR 690) (Affidavit CR 627) The County never refutes Mr. Mattox's affidavit or any of the information found in the three documents given to him by the Road and Bridge Department. The County also never refutes the notation at the top of the road diagram given to the Mattox Parties that indicates that the length given was established in April 1966. (diagram CR 690)

This Court makes reference to two of the three documents. The Court references a portion of the diagram that Mr. Mattox obtained from the County's 9-1-1 coordinator's office. (diagram CR 690) Nowhere in Mr. Mattox's affidavit does it state he asked about maintenance of Hill Forest

Lane. Nowhere in the road diagram does it state, this is only what the County is currently maintaining. The County claims it has maintained Hill Forest Lane, including the disputed portion. So if the County's "evidence" is to be believed, then if this response from the Road and Bridge Department was referring only to what the county was maintaining, their response should have been 1618 feet.

The Court makes no reference to the annotation on the top of the diagram, which was placed there in response to Mr. Mattox's question about when it became a road. It clearly states "Hill Forest Lane 1298.025 April-1966". This date is found on the plat of Hill Forest Manor right under the signature of Evans Moody, the surveyor, where he attested that he made the plat in April 1966. The information on this diagram could not be referring to maintenance of the road because the plat was made in April 1966, and not presented to the County until May 9th 1966. At that time the unnamed road did not exist. Since the subdivision had not been created in April 1966, the 1298.025 feet could not be only what the County was maintaining. (CR 153)

Two of the Mattox Parties' requests to the Road and Bridge Department were after the County adopted the 258 map. The request to Sam Nobles in 2009 was after the 258 map was adopted but before the 2 year time limit for filing a lawsuit. The request in 2010 to Scott McKinney was via a

freedom of information request. It was sent *after* the 2 year time limit for filing a lawsuit. In both cases the Mattox Parties requested the *length* of Hill Forest Lane, *not what the County was maintaining*.

The Court makes no reference to the McKinney letter. It only quotes from Nobles letter. The difference between the two letters is that *Sam Nobles* starts his letter identifying Hill Forest Lane as a County maintained road. He then indicates where it is located, the length of the road, and he attaches a list of roads located in the county.

McKinney's letter replies with a copy of the Mattox Parties' request, and then attaches the same list of county roads found in Nobles letter. The McKinney letter also gave the name of the road, the length of the road, identified it as a County road, and that it is in Hill Forest Manor. Nowhere in either of the replies does it state: "this is only what the County is currently maintaining." The list of county roads attached to both letters show Hill Forest Lane as well as numerous other roads, some identified as County roads, some as private roads, and some as State roads. This list provides the length of the roads in the County. It is not about how much of a road is being maintained by the County, because it identifies private roads and, as a matter of law, Counties cannot maintain private roads.

The County Commissioners are not authorized to permit the use of county labor, materials or equipment for other than public use.

*Ex parte Conger*, Tex., 357 S.W.2d 740; *Rowan v. Pickett*, Tex. Civ. App., 237 S.W.2d 734. Office of the Attorney General State of Texas Opinion No. H-1209 Opinion No. JC-0503.

DISCUSSION AND AUTHORITY ISSUE 3.

*The court erred when it failed to grant the Mattox Parties Motion for Summary Judgment.*

The County advanced the theory that all someone had to do to get the total length of the road was add the width of each lot and add the 60 foot road width, and this Court concurred.

"As discussed above, however, the plat does state the dimensions of Hill Forest Lane. It states, expressly, that Hill Forest Lane has a width of 60 feet, and the length of Hill Forest Lane can readily be determined by simple math, by reference to the measurements of the fronts of the abutting lots." Opinion page 26.

The Court seems to have overlooked the actual physical condition of Hill Forest Lane in 2005 when the Mattox Parties bought their property.

The Mattox Parties MSJ recounts all that they had seen when going to look at the property. (CR 254) They looked at the property first and when they decided to buy the property they went to the County Clerk's office to

check on the title. Mr. Mattox did look at the plat and observed that it had no road length.

Assuming the Mattox Parties had done the math as this Court suggested, that would still leave them with a conflict. When the Mattox Parties' bought their land in 2005, the road stopped at lot 26 on the east end and at lot 36 on the west end. It did not go to the border of the subdivision through either of lots 26 or 36. (CR 362-364), (CR 339)

What are the Mattox Parties required to do when faced with a plat that shows the road going all the way to the boundary of the subdivision, yet the actual physical road stops one lot short of the subdivision boundary on either end? These pieces of information were both gained by actual knowledge. One by seeing the plat and the other by seeing the physical road in the subdivision.

What constitutes "without actual or constructive notice?" "Actual notice rests on personal information or knowledge." *Madison,* 39 S.W.3d at 604. *Noble Mortg.,* 340 S.W.3d at 76. Actual notice exists when a person actually knows the facts or should have known them if he had inquired about them after learning of facts that put him on inquiry. *City of Richland Hills v. Bertelsen,* 724 S.W.2d 428, 429 (Tex. App. – Fort Worth 1987, no writ).

The question is whether the Mattox Parties had notice, *at the time they purchased their property*, of facts putting them on inquiry, which inquiry, if pursued with reasonable diligence, would have disclosed the true length of Hill Forest Lane.

Actual knowledge of a potential impediment to the property does not *ipso facto* disqualify someone from being a good-faith purchaser for value. It merely puts the potential purchaser on notice that further investigation or inquiry is necessary to determine the true existence or validity of the potential impediment. *Flack v. First Nat. Bank of Dalhart*, 226 S.W.2d 628, 632 (Tex. 1950), 148 Tex. 495 (citing Sec. 3, 31 TEX. JUR., pp. 359-360.)[2]

At the time the Mattox Parties purchased their property they did not go to any of the county offices to inquire as to the length of the road, *i.e.* the Road and Bridge Department or the 911 Coordinator. However, the next year when they went to these offices, they were told that the length of the road was 1298.25 feet. This verified what they had thought when they purchased their lots.

Had the Mattox Parties inquired into the length of Hill Forest Lane in 2005, the County records would have shown Hill Forest Lane to be 1298.25

---

[2] The Mattox Parties discussed this in great detail in their Appellant Brief (Page 66-68), both actual and constructive, and the law as it pertains to each.

feet. This Court has said the road diagram given to the Mattox Parties in 2006 was only about maintenance. The Mattox Parties disproved that contention in the discussion above concerning this document, which is incorporated herein for all purposes as if repeated verbatim.

CONCLUSION

In its opinion, this Court correctly stated that the 258 map is conclusive evidence of the county's interest in Hill Forest Lane. However, the court was incorrect in determining that the length of Hill Forest Lane on the 258 map included the disputed 134 feet. As a result they have reached an erroneous conclusion. The County was obligated by law to state and provide evidence of the length of Hill Forest Lane as reflected on the 258 map...this they did not do.

In light of the information found in this motion for rehearing the court should *inter alia* reevaluate the three documents the Mattox Parties received from the County and rule in the Mattox Parties' favor. At the very least the documents raise a fact question about what was dedicated and what was on the 258 map.

PRAYER

For the reasons stated in this motion, the Mattox Parties ask the Court to grant this motion for rehearing, withdraw its Opinion, and render

judgment in their favor.

SIGNED:    OCTOBER 12, 2015                RESPECTFULLY SUBMITTED,

                                          GARY L. LEONARD,

                                          _____
                                          By:    Gary L. Leonard
                                          State Bar No.  12209300
                                          6414 Pinewood Trace Ln,
                                          Houston, Texas 77041-7239
                                          Telephone: (832) 243-9733
                                          Telecopier: (832) 201-8398
                                          glleonard@glleonardlaw.com

                                          ATTORNEY FOR APPELLANTS,
                                          Gregory R. Mattox, and
                                          Barbara Wilkerson

### CERTIFICATE OF SERVICE

I, certify that a copy of Appellants' Motion for Rehearing was served on the Appellees', through their counsel of record, listed below, via electronic filing via the efile system on October 12, 2015.

Jon C. Fultz
382 FM 149 West
Anderson, TX 77830
Telephone: (936) 873-2132
Telecopier: (936) 873-6457

                                          _____
                                          Gary L. Leonard