## D. T. GARTH v. J. W. STUART ET AL.

### Decided February 26, 1910.

**1.—Notice—Possession by Tenant—Unrecorded Deed.**

A debtor conveyed a town lot to a third party who neglected to put his deed on record; subsequently a judgment was obtained against the debtor and the same was duly abstracted and recorded; at the time of the conveyance to the third party the debtor had a tenant in actual possession of the lot who thereupon attorned to the third party or his vendee and thereafter paid him the monthly rentals as they accrued; this was the situation at the time the judgment was obtained and recorded and the land sold under execution issued on said judgment. Held, the judgment creditor and the purchaser at execution sale were charged with notice of the unrecorded deed by reason of the possession of the tenant holding under the third party.

**2.—Same—Possession is Equivalent to Registration.**

It is incumbent on one about to buy land to inform himself of the rights of the occupant or of the landlord of the occupant at that very time; he must not rest on the assumption that parties are occupying under the same right as formerly.

**3.—Judgment Lien—Homestead Exempt.**

A homestead is not subject to a judgment lien.

Appeal from the District Court of Freestone County. Tried below before Hon. B. H. Gardner.

*D. T. Garth* and *Alexander, Hogsett & Gresham,* for appellant.— The court erred in overruling the first assignment of error. Mainwarring v. Templeman, 51 Texas, 205; Turner v. Cochran, 94 Texas, 480; Barnett v. Squyres, 93 Texas, 193; Whitaker v. Farris, 45 Texas Civ. App., 378; R. E. Bell Hardware Co. v. Riddle, 31 Texas Civ. App., 411; Hawley v. Bullock, 29 Texas Civ. App., 222.

As against a creditor whose lien has been fixed upon land by legal process (by record of abstract of the judgment) against his debtor, the holder of a prior unrecorded deed from such debtor has the burden of proving notice of his right to such creditor lienholder at the time of or before the attachment of the lien, and such notice was not only not proved, but was not alleged in this cause. Turner v. Cochran, 94 Texas, 480, and authorities therein cited; Chalkey v. Cooper, 56 Texas Civ. App., 251; Rippetoe v. Dwyer, 65 Texas, 708; Brown v. Roland, 11 Texas Civ. App., 648; Denison Lumber Co. v. Milburn, 107 S. W., 1161.

The court erred in rendering judgment for intervener Chumney and in not rendering judgment for plaintiff because under the undisputed evidence the court should have held that Garth was a purchaser for value of the property in controversy, and had no notice, actual or constructive, of the unrecorded deed held by Persons. Mainwarring v. Templeman, 51 Texas, 205; Turner v. Cochran, 94 Texas, 480; Barnett v. Squyres, 93 Texas, 193; Whitaker v. Farris, 45 Texas Civ. App., 378; R. E. Bell Hardware Co. v. Riddle, 31 Texas Civ. App., 411; Hawley v. Bullock, 29 Texas, 222; Willis v. Pounds, 6 Texas Civ. App., 512; Paris Grocer Co. v. Burks, 101 Texas, 106; Rippetoe v. Dwyer, 65 Texas, 708; Brown v. Roland, 11 Texas Civ. App., 648.

As against a creditor whose lien has been fixed upon land by legal process against his debtor, the claimant under a prior unrecorded deed from such debtor has the burden of proving that he was a purchaser in good faith and for a valuable consideration, which proof has not been made in this case. Bremer v. Case, 60 Texas, 151; Turner v. Cochran, 94 Texas, 480; Moody v. Ogden, 31 Texas Civ. App., 395; McAdoo v. Williams, 54 Texas Civ. App., 562; Weinert v. Simmang, 29 Texas Civ. App., 435.

*W. R. Boyd* and *W. J. Bryant,* for appellees.

RAINEY, CHIEF JUSTICE.—This is an action of trespass to try title brought by D. T. Garth against J. W. Stuart, to recover a certain lot of land situated in the town of Teague, Freestone County, Texas. Stuart answered and disclaimed any interest in the title to the land, except as leaseholder under and through George D. Hunter. W. T. Chumney intervened, claiming a fee simple title, and that Garth was asserting claim under a sheriff's deed which cast a cloud on intervener's title, and asked that Garth's deed be canceled and his title be established. The cause was tried without a jury and judgment rendered by the court for intervener against plaintiff, and recognizing intervener's [defendant's?] right to possession under his lease. Garth appeals.

The trial court filed conclusions of fact which are adopted by this court. Said conclusions are as follows:

"It is admitted, and the court so finds, that defendant J. W. Stuart is only the tenant holding under a written lease for one year, with privilege of renewal, and is entitled to possession of the premises during the performance of his lease contract, regardless of the ownership of said premises.

"It is admitted, and the court so finds, that Geo. D. Hunter is common source of title to the premises in controversy.

"That L. W. Levy & Company, composed of L. W. Levy and Ben Sass, recovered a judgment against Geo. D. Hunter in the County Court of Freestone County on the 22d day of October, 1908, for the sum of $702.86, with interest thereon at the rate of ten percent per annum, which was unsatisfied at the time of sale of the property in controversy under execution.

"That L. W. Levy & Company caused an abstract of such judgment to be recorded in the judgment record in Freestone County on November 5, 1908, and that said judgment or abstract of same is properly recorded and properly indexed in volume 2, page 49, of the judgment records of said county, but not in volume 3.

"That there are three volumes of the judgment records for Freestone County kept in the office of the county clerk; that each of said records has a separate index kept in the front of each volume and used only for such volume, and that there is no separate index kept for all of said records.

"That the judgment recorded by Levy & Co. is only indexed in volume 2, and that volumes 2 and 3 were at the time being used by the clerk alternately for the purpose of recording abstracts of judgments, volume No. 1 being entirely filled. Volume 2 was printed in

the certificate form and No. 3 in the tabulated form, and otherwise there was nothing about No. 3 to show that No. 2 was being used at the time, and there is nothing about either form to indicate that another book might be in use except to those who might be familiar with the fact that there are two forms in use.

"That on December 17, 1908, L. W. Levy & Co. caused an execution to be issued out of the County Court upon said judgment, and same was levied upon lot No. 10 in block No. 107 in the city of Teague, and after proper notice same was sold on February 2, 1909, plaintiff D. T. Garth being the purchaser, and that plaintiff holds sheriff's deed properly executed, acknowledged and recorded, dated February 2, 1909, conveying all the interest of Geo. D. Hunter in said lot. Said proceedings were in regular form.

"That Geo. D. Hunter and wife, by deed duly executed, dated August 19, 1908, conveyed said lot No. 10 in block No. 107 to W. C. Persons for a valuable consideration. That W. C. Persons, by his deed duly executed and for a valuable consideration, on the 28th day of October, 1908, conveyed said lot No. 10, block No. 107, to W. T. Chumney, and that Chumney filed both said deeds for record in office of the county clerk of Freestone County on the 9th day of November, 1908.

"That defendant J. W. Stuart entered into a written lease contract with Geo. D. Hunter on the 16th day of June, 1908, for said premises for a period of one year from said date, Stuart paying $75 cash in advance for the first month, and executed and delivered to Geo. D. Hunter eleven negotiable promissory notes for $75 each, payable on the 17th day of each succeeding month until same was paid, with the privilege of renewal of said lease, and that on or about October 20th Stuart paid to said Persons one of said rent notes, due October 17th, Persons stating to Stuart at the time that he then owned the property and held a deed to same from Hunter. That Stuart paid the rent notes due for the months of November and December, 1908, and January, 1909, to W. T. Chumney, and both Chumney and Persons stated to him that Chumney owned the premises. That W. T. Chumney holds the rent contract and all unpaid rent notes given by Stuart, same having been assigned by Hunter to Persons and by Persons to Chumney, and agrees to be bound by the rent contract for the premises, having agreed at the date of his purchase to respect same. There was no new rent contract between Stuart and Persons or Chumney, and no formal attorning as tenant other than implied in notice of conveyance by Hunter and payment of rent notes as they fell due, and no objection from Stuart on being informed of sale by Hunter to Persons and by Persons to Chumney."

The appellant presents the following assignment of error and proposition, viz.: "The court erred in his first conclusion of law, as stated in his filed findings and conclusions, wherein he concluded that notice to Stuart that Hunter had sold and deeded the premises to Persons, with no objection or protest from Stuart, together with payment of the rent note, was sufficient to put the judgment creditor of Hunter on notice that Hunter had parted with all interest in the property, because, plaintiff says, the burden was upon intervener to show that

Levy & Company had either actual or constructive knowledge of the unrecorded deed, and no such proof was made, nor does the evidence tend to show that Stuart would have advised the judgment creditor (on inquiry) any further than that his occupancy was under a lease contract made with Hunter." Proposition: "The lien of the judgment in favor of Levy & Company against Hunter attached to the lot in question regardless of the unrecorded deed from Hunter, and Garth, as a purchaser of the lot at execution sale under said judgment, acquired title to the lot unaffected with notice, actual or constructive, of the unrecorded deed from Hunter."

We are of the opinion that the trial court did not err in holding that Levy & Company were chargeable with notice of appellee's title to the land. When Levy & Company filed their abstract of judgment against Hunter, the title had several months prior thereto passed out of Hunter and vested in Chumney, intervener, though his deed had not then been recorded, but Stuart was in open and visible possession of the lot as tenant attorning to the purchaser of the Hunter title. Stuart was holding the premises under a written lease from Hunter on August 19, 1908, when Hunter conveyed to Persons, and the lease and notes for the monthly rent not paid were transferred to Persons, and when Persons conveyed to Chumney he transferred the lease and notes to him. Stuart paid one month's rent to Persons on October 20, 1908, and subsequently paid to Chumney the notes due for November, December and January. There is no proof that Levy & Company knew that Stuart was holding under Hunter when Hunter owned the title, and that they had no notice of Hunter's conveyance and were resting on the belief that Stuart was Hunter's agent. But if Levy & Company did know that Stuart was Hunter's tenant at one time, when they went to subject the land to their claim, they could not rely on such knowledge, but it was their duty to inquire of the tenant in possession as to his holding. This they did not do.

In Mainwaring v. Templeton, 51 Texas, 205, it is said: "Under our statute the rule has become settled that possession, either in person or by tenant, is equivalent to registration. . . . If the possession be sufficiently open and definite, whether it be in person or by tenant, it is incumbent on one who undertakes to acquire rights in the land to inform himself of the rights of the occupant, or of the landlord of the occupant. The purchaser should not be excused from inquiry unless there be something more to mislead him than his own assumption that parties occupy under the same right as formerly."

In Paris Grocery Co. v. Burks, 101 Texas, on page 112, Mr. Justice Williams says: "Nor do we lay down any doctrine inconsistent with the decision in Mainwaring v. Templeton, 51 Texas, 205, which holds that where the owner of land, on which he has a tenant, conveys to another to whom the tenant attorns, no other change of possession is necessary to give notice of the title of the purchaser."

In Collum v. Sanger, 98 Texas, 162, Mr. Gaines, Chief Justice, says: "In the recent case of Ramirez v. Smith, 94 Texas, 184, it was expressly stated as a general rule that the fact that the possession of one holding land is consistent with the recorded title does not exempt a purchaser from the duty of inquiring of him as to any other title.

We think it a safe and salutary rule to require of a prospective purchaser of land to ascertain whether any other be in occupancy of it; and, if there be such possession, to go to the possessor and ascertain the nature and extent of his claim. Possession is evidence of title, and it seems to us that common prudence and common honesty demand this course. If so, the possession should be notice to him; and, if notice to a purchaser, it is notice to a creditor."

Garth holding the junior title, the burden was on him to show want of notice of the transfer of Hunter's title; not having shown this, the court correctly rendered judgment for Chumney. The judgment is affirmed.

### ON MOTION FOR ADDITIONAL FINDINGS.

We are asked by appellant to make additional findings of fact, which we do as follows:

The judgment of Levy & Company v. Hunter was duly abstracted, recorded and indexed in the county records of Freestone County, Texas. We are asked to find that the deed from Hunter and wife to Persons was not delivered until November 4, 1908. This deed was dated August 19, 1908, and acknowledged same day by Hunter, and on November 4, 1908, acknowledged by his wife. Stuart paid to Persons the October rent about the 21st of ·October, 1908. ·Hunter may have delivered the deed when he executed and acknowledged it and surrendered the right to and control over the premises, so we are not prepared to find that the deed was not delivered until November 4, 1908. If Hunter and wife were occupying the premises as indicated by the following clause in the lease contract, "that the party of the first part shall retain enough room in said building as a homestead during the life of said lease," when they sold to Persons, then no lien was fixed by the abstracting of said judgment, as the premises were not subject to the claims of creditors.

*Affirmed.*

Writ .of error refused.