J. Leslie HEIL, Appellant,

v.

Laura WASHICHEK, Guardian, Appellee.

No. 14098.

Court of Civil Appeals of Texas.

San Antonio.

June 26, 1963.

Rehearing Denied July 24, 1963.

Kampmann & Kampmann, Floyd Mc-Gown, San Antonio, for appellant.

Randle Taylor, Andrew Dilworth, San Antonio, for appellee.

MURRAY, Chief Justice.

This is an appeal from a judgment cancelling and setting aside a deed of conveyance to certain properties from Augusta Vollrath to J. Leslie Heil, dated June 1, 1956, acknowledged November 26, 1956, and not recorded until November 10, 1959. The trial was before the court and after a full hearing judgment was rendered cancelling and setting aside the deed for want of mental capacity on the part of Augusta Vollrath to sign, acknowledge and deliver the deed; from which judgment J. Leslie Heil has prosecuted this appeal. At the request of appellant, the trial judge made and filed the following findings of fact:

"1. I find that Augusta Vollrath, on the 24th day of March, 1960, was adjudged by the County Court of Bexar County, Texas, to be a person of unsound mind and was physically and mentally unable to take care of herself. That at such time she was approximately eighty years of age. That she was immediately after her adjudication committed to the San Antonio State Hospital.

"2. I find that simultaneously with such adjudication, Laura Washicheck, a niece of the said Augusta Vollrath, was appointed guardian of the person and estate of the said Augusta Vollrath and bond of such guardian was fixed at $5000.00. That on the 25th day of March, 1960, the said Laura Washichek duly qualified as such guardian by taking the oath required by law and filing her bond in the sum of $5000.00, which bond was approved by the Judge of the County Court of Bexar County, Texas, and that the said Laura Washichek acted as such guardian continuously thereafter up to and including the trial of this cause.

"3. I find that the said Laura Washichek in her capacity as guardian of the said Augusta Vollrath was, by order of the County Court of Bexar County, Texas, entered on the 15th day of December, 1961, authorized to file this cause.

"4. I find that one brother, three nephews and four nieces of Augusta Vollrath in the Vollrath family have been adjudged to be persons of unsound mind.

"5. I find that Augusta Vollrath and Mary Vollrath, sisters, had jointly and equally owned the property involved in this suit and had occupied together a part of said property a number of years prior to the death of the said Mary Vollrath in the year 1951. That under the will of the said Mary Vollrath, duly probated in the County Court of Bexar County, Texas, the interest of the said Mary Vollrath passed to and vested in the said Augusta Vollrath. That after the death of the said Mary Vollrath the said Augusta Vollrath continued to occupy the portion of the property theretofore occupied by the two of them. That the death of the said Mary Vollrath had a deleterious effect on the said Augusta Vollrath and that shortly after the death of the said Mary Vollrath, the said Augusta Vollrath began a course of behavior that was different from her

behavior during the life of her sister, Mary Vollrath. That such condition worsened as time went by in that she became morose in temperament; developed without provocation a dislike for most of her relatives; became slouchy in her wearing apparel; lived in filth and squalor, with chickens and a number of cats in her living quarters; keeping and feeding such chickens and cats on her eating table in her living quarters and at times eating some of the cat food from the same cans out of which she fed her cats; and developed delusions about her sister Mary and other relatives long deceased, speaking of them as if they were still alive and she had talked to them.

"6. I find that a deed of conveyance wherein the said Augusta Vollrath purportedly conveyed unto the defendant, J. Leslie Heil, the property involved in this suit and described in plaintiff's petition was prepared on June 1, 1956, but was not signed by Augusta Vollrath on that date.

"7. I find that though the notary, whose name appears on the deed, did not testify at the trial of this case, the notarial certificate recites that Augusta Vollrath acknowledged the deed on November 26, 1956, but I further find that the deed was not delivered by her at that time.

"8. I find that such deed was held in the possession of the said Augusta Vollrath, who carried it about on her person exhibiting it to various individuals, from the time of its preparation June 1, 1956, to as late as September, 1959, which was approximately six months prior to her adjudication as a person of unsound mind and her commitment in the San Antonio State Hospital and that she repeatedly told various individuals that she would not deliver such deed to defendant.

"9. I find that such deed was filed of record in the Deed Records of Bexar County, Texas, on November 10, 1959, approximately four months before the said Augusta Vollrath was adjudged to be a person of unsound mind.

"10. I find that the original deed signed by the said Augusta Vollrath and introduced in evidence at the trial of this cause, at the time it was filed for record in the Deed Records of Bexar County, Texas, on the 10th day of November, 1959, was in a worn and tattered condition and the court finds that it has been carried about on her person by the said Augusta Vollrath while said deed was in her possession.

"11. I find from the expert medical testimony that the said Augusta Vollrath had suffered with cerebral arteriosclerosis for ten years or more prior to her adjudication as a person of unsound mind in March, 1960.

"12. I find that the said Augusta Vollrath did not have sufficient mental capacity to execute, acknowledge and deliver the deed conveying unto the defendant, J. Leslie Heil, the property therein described and involved in this case."

Appellant's first, second and third points present the contention that the trial court erred in finding that the deed was not delivered on or about November 26, 1956, but some time in September, 1959. The evidence shows that on June 1, 1956, Augusta Vollrath went to the office of William Seipel, Esq., an attorney, and had him prepare a deed from herself to J. Leslie Heil, conveying all of her property, which is fully described in the pleadings. Attorney Seipel testified that he prepared this deed for Augusta Vollrath, but told her not to sign it at that time, but to take it home with her and think it over, and talk to her friends before signing it, which she did, and on November 26, 1956, re-

turned to his office and stated that she was ready to sign and acknowledge the deed, which she then did. There is evidence tending to show that Augusta Vollrath took this deed home with her and kept it in her possession until as late as September, 1959, without delivering it to J. Leslie Heil. Miss Vollrath carried this deed around with her according to the evidence and kept it upon her person, showing it to many of her friends. The deed became soiled and worn, and while none of the witnesses who saw the deed ever read it (with the possible exception of Dan Heimer), they all said that she told them it was a deed conveying her property to J. Leslie Heil, and that he wanted possession of the deed, but she was not going to give it to him. J. Leslie Heil was prevented by the provisions of Art. 3716, Revised Civil Statutes, from testifying as to when Augusta Vollrath delivered this deed to him. It was recorded on November 10, 1959, some six months before her adjudication as a non compos mentis. The evidence was sufficient to support the finding of the trial court that this deed was not delivered before September, 1959. The date of the delivery of the deed is an important matter, because the evidence shows that Augusta Vollrath was adjudged to be a person of unsound mind on March 24, 1960, and that her mental faculties had progressively deteriorated from the time of the death of her sister Mary in 1951 until the time of the adjudication. Much of the testimony as to the mental condition of Augusta Vollrath related to a time subsequent to the execution of the deed, but prior to its delivery in September, 1959.

There is a presumption that a deed is delivered on or about the date of its execution. Popplewell v. City of Mission, Tex.Civ.App., 342 S.W.2d 52. But this presumption was overcome by the evidence introduced herein.

Appellant challenges the sufficiency of the evidence to support the finding of the trial court that Augusta Vollrath was of unsound mind and incompetent to execute, acknowledge and deliver the deed at the time it was delivered to J. Leslie Heil. This finding was supported by the evidence. The trial judge sets out the circumstances as shown by the evidence, in his finding No. 5, and these circumstances when taken in connection with the expert testimony that Augusta Vollrath had suffered with cerebral arteriosclerosis for ten years before her adjudication as a person of unsound mind, support his finding of incapacity on the part of Augusta Vollrath to execute and deliver the deed here involved. The circumstantial evidence came from her neighbors and friends who lived near her and saw her frequently. There was evidence offered by appellant to the contrary, but it was the province of the trial court to determine this matter from all the evidence, and its finding that Augusta Vollrath was incompetent to execute, acknowledge and deliver the deed in question is binding upon this Court.

The judgment of the trial court is affirmed.