

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00238-CV

———————————————

JESSICA ABREU, Appellant

V.

RABAGO HOME INVESTMENTS LLC, Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-341509-23

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Jessica Abreu appeals from a summary judgment in favor of Rabago Home Investments, LLC, whom she had sued along with several other defendants to defend her alleged equitable interest in real property pursuant to an unrecorded contract for deed. In one issue with two subparts, Abreu contends that the trial court erred by granting the motion for summary judgment based on its determinations that, as a matter of law, (1) she did not own equitable title to the property and (2) Rabago—who had purchased the property—was a bona fide purchaser for value. We reverse and remand.

## I. Background

According to the allegations in Abreu's petition and the evidence in the summary-judgment record, on April 30, 2008, Abreu agreed to buy Marion Devore's single-family-residential property pursuant to a written contract for deed. At the time, Devore's property was encumbered by a pre-existing mortgage. Abreu made a $40,000 down payment, moved into the home on the property, and thereafter paid the mortgage and property-tax payments as they became due. Devore died on or about September 6, 2012.

In February 2023, Devore's daughter, Heather Cobb, filed an affidavit of heirship in the real property records of Tarrant County, indicating that Devore was the sole owner of the property upon her death. Then Cobb and Devore's other heirs––Robert Shane Pacheco, William Travis Pacheco, and Julie Pacheco (together, the

2

Family)—conveyed the property to HEB Homes, LLC, which—on the same day— then conveyed the property to Rabago. In March 2023, Rabago filed a forcible detainer suit against Abreu. *See* Tex. Prop. Code Ann. § 24.004 (providing that in most cases jurisdiction of forcible-detainer suit is in justice court).

On April 11, 2023, Abreu sued Rabago, HEB Homes, and the Family in district court. She sought a declaration of her rights and status under the contract for deed; she also alleged that the contract for deed is enforceable against the Family, that the deeds to HEB Homes and Rabago are invalid and should be set aside because they were not bona fide purchasers for value, that she is entitled to specific performance of the contract for deed because of the Family's breach of the contract, and that she is entitled to damages from the Family under Chapter 5 of the Texas Property Code and the DTPA. In the alternative, she sued to quiet title through adverse possession. Nothing in the record indicates that Rabago filed special exceptions to Abreu's pleading.

The trial court granted interlocutory default judgments against the Family but only as to liability. It did not award any specific relief.

Rabago filed a motion for traditional summary judgment contending that it was a bona fide purchaser for value as a matter of law. According to Rabago, although it knew at the time of its purchase that the property was occupied, it "had no reason to believe that the occupants . . . were anything other than conventional tenants"

because HEB Homes was "in the business of rental property investment."[1] A title search performed before Rabago's purchase uncovered "no evidence of any competing claims" to the property. According to the affidavit of Rabago's managing member:

• Rabago Home Investments, LLC has no relationship to HEB Homes, LLC, or any other defendant. This was an arms-length transaction.

• The property was intended to be purchased as a rental property, and I believed that the occupants of the property at the time of the sale were tenants. I had no reason to believe that they would make a claim of ownership of the property.

In her response, Abreu pointed to the fact that before Rabago bought the property from HEB Homes, it never contacted her to determine the nature of her occupancy of the property, nor did it view or obtain possession of any written lease. Abreu attached Rabago's admissions and interrogatory responses as supporting evidence. According to Rabago's interrogatory answers, it "was unaware of who the occupant was or whether or not they had a legal tenancy." Rabago had assumed the occupants were tenants "due to the common cases of occupants and squatters."

Abreu argued that Rabago's "notice of someone who was not the seller living on the property . . . would put a reasonably prudent person on inquiry regarding the title to the property." Thus, Abreu contended that Rabago had either actual or constructive notice of her claims according to the contract for deed.

---

[1]Although the nature of HEB Homes' business is asserted as fact in the motion for summary judgment, there is no proof to that effect in the summary-judgment evidence.

4

In response to an assertion by Rabago in its summary-judgment reply that the contract for deed had not yet been fully performed, the trial judge ordered additional briefing on whether Abreu had completed her obligations under the contract for deed. Abreu then provided evidence, including her affidavit, in which she noted that she had paid $40,000 for the property on April 30, 2008, when she signed the contract for deed, and then started making payments on Devore's then-outstanding loan, which was secured by a Deed of Trust securing the lender's interest. She attached an account statement from the mortgage servicer, showing payments from October 2017 through March 16, 2023. But the account statement does not indicate who made these payments, and they were not always regularly made or applied.

Abreu also provided evidence that as of June 21, 2023, the loan was paid in full. But, according to Abreu, "[t]he remaining principal balance [due after the April 2023 payment] was paid off by an unknown party. I assume it was the heirs of [Devore], but I was unable to confirm."

While Rabago's motion for summary judgment was pending, HEB Homes filed a traditional and no-evidence motion for summary judgment, in which it contended (1) that Abreu had no evidence to support her claim that HEB Homes had actual or constructive notice of her alleged property interest or, in the alternative, (2) that as a matter of law HEB Homes had no actual or constructive notice of Abreu's claim; thus, it also claimed to be a bona fide purchaser for value as a matter of law.

5

Abreu attached to her response to HEB Homes' motion an affidavit from HEB Homes' general manager, in which he averred that when HEB Homes purchased the property, it "knew that there were occupants of the [p]roperty but believed them to be squatters based upon information provided to HEB Homes. Additionally, when HEB Homes marketed the [p]roperty, it notified prospective buyers that occupants would need to be evicted."

The trial court granted both Rabago's and HEB Homes' motions for summary judgment and dismissed all of Abreu's claims against HEB Homes and Rabago with prejudice. After Abreu appealed, the trial court granted Abreu's motion to sever and abate her claims against the Family, making the dismissal with prejudice final as to HEB Homes and Rabago; Abreu then voluntarily dismissed her appeal as to HEB Homes. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024); *see also Abreu v. Rabago Home Invs., LLC*, No. 02-24-00238-CV, 2024 WL 3978066, at *1 (Tex. App.—Fort Worth Aug. 29, 2024, no pet.) (mem. op). Therefore, only the claims against Rabago remain in this appeal.

## II. Summary Judgment Standard of Review

Rabago's summary judgment was based on a single assertion: that it was a bona fide purchaser for value as a matter of law. Status as a bona fide purchaser is an affirmative defense on which the movant has the burden of proof. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001).

6

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary-judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

We review the trial court's summary-judgment ruling de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

### III. Applicable Law

**A. Contract for Deed**

A contract for deed is an executory contract that provides an alternative way to purchase real property without obtaining conventional mortgage financing; under such a contract, the seller retains title until the purchaser has paid for the property in full. *Sanchez v. Montalvo*, No. 13-19-00121-CV, 2021 WL 1799829, at *3 (Tex. App.—Corpus Christi–Edinburg May 6, 2021, pet. denied) (mem. op.); *see Flores v. Millennium*

*Ints., Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005). This type of transaction "differs from a conventional contract for the sale of realty, in which the seller and purchaser mutually agree to complete payment and title transfer on a date certain at which time the purchaser generally obtains both title and possession." *Bryant v. Cady*, 445 S.W.3d 815, 819 (Tex. App.—Texarkana 2014, no pet.).

The purchaser under a contract for deed obtains an immediate *right to possession* of the property, but she does not acquire *equitable title* until the full purchase price has been paid. *Haynes v. Molina*, No. 01-19-00917-CV, 2021 WL 4155822, at *7 (Tex. App.—Houston [1st Dist.] Sept. 14, 2021, pet. denied) (mem. op.) (citing, in part, *Cullins v. Foster*, 171 S.W.3d 521, 533 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). A plaintiff who seeks to establish superior title to property by virtue of a contract for deed must prove that she has completed her obligations under that contract. *See, e.g.*, *Cervantes v. Bayview Loan Servicing, LLC*, No. 14-12-00157-CV, 2012 WL 6017712, at *3 (Tex. App.—Houston [14th Dist.] Dec. 4, 2012, no pet.) (mem. op.); *Cullins*, 171 S.W.3d at 533–34. But a party claiming merely the equitable right to possess property pursuant to a not-yet-fulfilled contract for deed need not prove that she currently possesses equitable title to defend her right to possession because a grantee of legal title to property encumbered by a contract for deed takes that legal title subject to the contract-for-deed purchaser's equitable right of possession and right to complete the contract—unless the grantee is a bona fide purchaser for value. *See K&B Props., LP v. Castro*, No. 01-19-00686-CV, 2021 WL 4533259, at *5–6 (Tex.

8

App.—Houston [1st Dist.] Oct. 5, 2021, no pet.) (mem. op.) ("Under the [recorded] contract for deed, Beltway Trucking held legal title to the property subject to Castro's rights to possession of the property and to fully perform the contract for deed."); *see also* Tex. Prop. Code Ann. § 13.001(a) ("[A]n interest in real property . . . is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law."); *cf. Gaona v. Gonzales*, 997 S.W.2d 784, 787 (Tex. App.— Austin 1999, no pet.) (analogizing to contract-for-deed situation and holding, "Until Gaona [the purchaser of real property] fully performed the contract, Rachel [the seller] retained legal title to the property, but held that title subject to Gaona's equitable rights. This is all that Rodolfo [Rachel's judgment-lien creditor] could acquire: legal title subject to Gaona's equitable rights, which could not be extinguished by Rodolfo's [judgment] lien."); *Atteberry v. Burnett*, 114 S.W. 159, 162 (Tex. App.— Dallas 1908, no writ) ("[I]f the vendor [who retains an executory contract vendor's lien] dies before conveying such title, it will descend to and vest in his heirs to be held or disposed of by them in the same manner as the vendor might have dealt with it in his lifetime.").

## B. Bona Fide Purchaser for Value

An unrecorded interest in real property is not binding on "a subsequent purchaser for a valuable consideration without [actual or constructive] notice," in other words, a bona fide purchaser for value. Tex. Prop. Code Ann. § 13.001(a)–(b);

9

*Benbrook Econ. Dev. Corp. v. Nat'l Bank of Tex.*, 644 S.W.3d 871, 884 (Tex. App.—Fort Worth 2022, no pet.).[2]

Actual notice requires personal information or knowledge. *Mr. W Fireworks, Inc. v. 731 Props., LLC*, No. 07-21-00029-CV, 2022 WL 1462400, at *4 (Tex. App.—Amarillo May 9, 2022, no pet.) (mem. op.) (citing *Madison*, 39 S.W.3d at 606). Constructive notice is notice that the law imputes to a person not having personal information or knowledge. *Madison*, 39 S.W.3d at 606; *Sanchez*, 2021 WL 1799829, at *7. A purchaser of land "may be charged with constructive notice of an occupant's claims" if the purchaser has a duty to ascertain the occupant's rights. *Madison*, 39 S.W.3d at 606. The duty arises only if the occupant's possession is "visible, open, exclusive, and unequivocal." *Id.* (citing *Strong v. Strong*, 98 S.W.2d 346, 350 (Tex. 1936)). "When this duty arises, the purchaser is charged with notice of all the occupant's claims the purchaser might have reasonably discovered on proper inquiry," including "notice of title equivalent to the constructive notice deed registration affords." *Id.* at 606–07.

### IV. Appeal is Not Moot

As a preliminary matter, Rabago contends that this appeal is moot because Abreu voluntarily dismissed her appeal of the trial court's take-nothing summary

---

[2]In its brief, Rabago points out that Property Code Section 5.076 requires a seller of property pursuant to a contract for deed to record it. But whether Devore or the Family failed to comply with Section 5.076 was not a complaint or part of the argument in the motion for summary judgment.

judgment for HEB Homes, which was based in part on its assertion that it was a bona fide purchaser for value. Rabago contends that because it obtained its title from HEB Homes, then, "logically, [its] title is good."

A party's bona-fide-purchaser status may be transferred such that a bona fide purchaser takes good title even if that subsequent purchaser had knowledge of the third-party interest at the time of its purchase. *See Mr. W Fireworks*, 2022 WL 1462400, at *4 (first citing *Popplewell v. City of Mission*, 342 S.W.2d 52, 56 (Tex. App.—San Antonio 1960, writ ref'd n.r.e.) ("A purchaser from a bona fide purchaser takes good title, though he is not an innocent purchaser."), and then citing *Ball v. Presidio Cnty.*, 29 S.W. 1042, 1043 (Tex. 1895) ("To be a bona fide holder, one must be himself a purchaser for value without notice or the successor of one who was.")).

But Rabago's motion for summary judgment did not assert that HEB Homes was a bona fide purchaser for value and that it thus was entitled to the same status. Nor did Rabago provide proof of HEB Homes' lack of actual or constructive knowledge of Abreu's or any other occupant's possession of the property. Thus, Rabago cannot now rely on HEB Homes' status to resolve whether the trial court correctly ruled on its motion for summary judgment. *See* Tex. R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *G & H Towing Co. v. McGee*, 347 S.W.3d 293, 297 (Tex. 2011); *see also State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("Summary judgment may not be affirmed on appeal on a ground not presented to the trial court in the motion."). Thus, this appeal is not

moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal.").

## V. Fact Issue Exists

The gist of Abreu's issue is that she at least raised a fact issue as to whether Rabago had constructive notice[3] of her potential rights under the contract for deed by virtue of its pre-purchase knowledge that the property was occupied by someone other than the seller. Although in the first part of her issue Abreu argues that the trial court erred by not determining that she has equitable title to the property, we need not resolve that question. Abreu did not move for summary judgment on her claims, and to determine the bona-fide-purchaser question, the trial court did not need to find that Abreu had completed the contract for deed such that she was entitled to equitable title.[4] *See* Tex. R. App. P. 47.1. Rather, as we have explained above, the trial court had to determine whether a fact issue existed as to whether Rabago had actual or constructive knowledge of Abreu's property interest, which at the time of Rabago's

---

[3]Abreu does not dispute that Rabago lacked actual notice of her claimed rights under the contract for deed.

[4]In its motion for summary judgment, Rabago argued only that it was a bona fide purchaser for value as to Abreu's interest in the property, not that Abreu could not by law maintain a title suit against it. That Rabago misconstrued the legal effect of the holdings in *Cervantes* and *Cullins* in its motion for summary judgment does not require us to address the merits of the first part of Abreu's issue. *See infra* note 6.

12

purchase of the property was only the right to possess the property so long as she complied with the terms of the contract for deed.[5]

In *Madison v. Gordon*, the Texas Supreme Court held that the defendant was a bona fide purchaser for value when, although she had knowledge the plaintiff was a tenant of the property at issue, the property purchased was a multi-tenant building. 39 S.W.3d at 607. Thus, the tenant's possession was not exclusive or unequivocal. *Id.* As the court explained, "As rental property, one would expect occupants on the property." *Id.* And "Gordon's occupancy was compatible with [Madison's grantor's] assurances of ownership." *Id.* But the court also distinguished several cases that "seemingly support[ed] Gordon's position that possession alone gives rise to constructive notice," noting that their conclusions were correct because, "in each of these cases, the occupant lived in a single-unit dwelling." *Id.*

Here, the summary-judgment evidence showed the following:

• The home on the property is a single-family residence.

• Devore signed a Deed of Trust effective August 8, 2003, which is recorded in the Tarrant County property records and was due to mature on *September 1, 2023*.

---

[5]By Abreu's admission, payment of the full mortgage amount was a condition of her obtaining a deed from the seller under the contract for deed, and the mortgage was not paid off until after Rabago had purchased the property. But bona fide purchaser status deals with the purchaser's knowledge at the time of its purchase. *See Madison*, 39 S.W.3d at 606. And Rabago did not move for summary judgment on the ground that Abreu had not complied with the terms of the contract for deed or that the contract for deed was somehow invalid.

• On April 30, 2008, Abreu paid Devore $40,000 and assumed paying the mortgage loan.

• Shortly thereafter, Abreu moved into the home with her family, and she has lived there, "exclusively and without interruption," since 2008. According to Abreu, "Since April 20, 2008, I have represented and shown myself to the public as the owner of the [p]roperty."

• Rabago was one of many investors HEB Homes presented with the opportunity to purchase the property.

• Rabago learned from HEB Homes on February 16, 2023, that the property was occupied; Rabago was not told, however, that the occupants were tenants. HEB Homes "did not know the nature of the occupancy."

• Although "[i]t was unclear [to Rabago] who lived at the [p]roperty at the time of purchase"—and Rabago denied knowing Abreu lived there—Rabago assumed the occupants were tenants because "it [is] not unusual" in property investing "to not know who the occupants are in a property."

• Before the sale, Rabago had a title search performed that uncovered "no evidence of any competing claims," and nobody at Rabago was aware of any "competing claims to the property."

• Rabago never visited the property before buying it, nor did its representatives speak with any of the occupants; Rabago did not review any leases or inquire by what rights those persons were occupying the property.

• Rabago purchased the property from HEB Homes on February 27, 2023. The special warranty deed from HEB Homes to Rabago was made "subject to any and all restrictions, easements, mineral reservations[,] and other matters of record, to the extent they are validly existing and applicable to the [p]roperty."

We conclude that the foregoing evidence shows that a fact issue exists as to whether, at the time Rabago purchased the property, Abreu visibly, openly, exclusively, and unequivocally possessed the property such that Rabago had constructive notice of the nature of her possessory claim. *See Fletcher v. Minton*, 217

14

S.W.3d 755, 761 (Tex. App.—Dallas 2007, no pet.); *Apex Fin. Corp. v. Garza*, 155 S.W.3d 230, 235 (Tex. App.—Dallas 2004, pet. denied).[6]

Rabago relies on *Madison* to argue that because it purchased a property from a seller in the business of "rental property investment," it had no reason to believe that the property's occupants were anything other than tenants. First, as we have pointed out, Rabago did not provide any evidence that HEB Homes was in the business of rental property investment, only that Rabago purchased the property for that purpose. Second, we disagree that *Madison* can be read to apply here when the court in that case expressly noted that a different result should apply in cases where the person claiming bona-fide-purchaser-for-value status knew that a single-family home was occupied. *Madison*, 39 S.W.3d at 607.

Accordingly, we sustain the dispositive part of Abreu's issue.

---

[6]Relying on *Cervantes*, Rabago attempts to distinguish *Apex* as "inapposite where the unrecorded instrument at issue conveys only an equitable right to future title." But in *Cervantes*, the contract for deed was executed after the bona fide purchaser for value obtained its interest; therefore, *Apex*'s holding—which applies *Madison*'s "visible, open, exclusive, and unequivocal" test to a party who obtained its property after execution of the unrecorded quitclaim deed at issue—could not have informed the situation in *Cervantes*. We have found no authority categorically holding, as Rabago argued in its motion for summary judgment, that visible, open, exclusive, and unequivocal possession of a single-family residence by one who is not the owner of record cannot provide actual or constructive notice of the potential right to possession pursuant to a contract for deed.

## Conclusion

Having sustained the dispositive part of Abreu's issue, we reverse the trial court's judgment and remand this case for further proceedings.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: February 20, 2025

16